# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KEITH NICHOLSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) **Jury Trial Demanded** |
| | ) |
| STELLAR RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

KEITH NICHOLSON "Plaintiff", by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Antioch, Tennessee 37013.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. The debt at issue, an auto loan, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him, could only have arisen from financial obligation for primarily personal, family, or household purposes.

14. Beginning in or around early January 2015, and continuing through June 2015, Defendant repeatedly and continuously contacted Plaintiff in its attempts to collect the aforementioned debt.

15. Defendant's calls originated from numbers including, but not limited to: (877) 236-5791. The undersigned has confirmed that this number belongs to Defendant.

16. Upon initial communication, Plaintiff informed Defendant that he was unable to make payments due to his finances as Plaintiff is on disability and barely able to meet his monthly expenses.

17. Despite the information conveyed, Defendant continued to call Plaintiff, which could only have been for purposes of harassment.

18. Frustrated and upset by the persistent calls, Plaintiff told Defendant that he did not wish to be called again. A male collector of Defendant acknowledged Plaintiff's wishes, stated that he would have them "noted" but also said that collection calls would continue.

19. In complete disregard of Plaintiff's wishes, Defendant continued to call as many as three (3) to four (4) times each day.

20. Defendant's actions as described herein, were taken with intent to harass, abuse, and otherwise annoy Plaintiff in connection with the collection of a debt.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) when it placed repeated telephone calls to Plaintiff's cellular telephone; and, when it continued calling Plaintiff's cellular telephone after being instructed to stop.

**COUNT II**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

24. A debt collector violates § 1692f of the FDCPA by using any unfair or unconscionable means to collect or attempt to collect any debt.

25. Here, Defendant violated § 1692f of the FDCPA when it continued to call Plaintiff knowing its continued calls lacked purpose, and when it continued to call absent explanation, although given the opportunity to do so through voicemail.

WHEREFORE, Plaintiff, KEITH NICHOLSON, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
   d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEITH NICHOLSON, demands a jury trial in this case.

Respectfully submitted,

Dated: July 3, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (215) 540-8817
Email: aginsburg@creditlaw.com